IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOSE AGUIRRE,<br>    Plaintiff,<br><br>v.<br><br>CHANCE JONES, *et al.*,<br>    Defendants. | Case No. 1:25-cv-01455-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Illinois River Correctional Center ("Illinois River"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 9). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A.

**I**

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II

Plaintiff files suit against Warden Chance Jones, Health Care Administrator Lisa Bishop, Counselor James Ballard, Wexford Director John/Jane Doe, and Placement Officer John/Jane Doe.

On November 12, 2024, Plaintiff's cellmate pulled him out of the top bunk while he was asleep. Plaintiff hit his head, became unconscious, and was taken to the hospital. A doctor informed Plaintiff he had blood clots and stapled Plaintiff's head wound. Plaintiff alleges Defendant John/Jane Doe Placement Officer failed to protect him by assigning him to a cell with his attacker.

When Plaintiff returned to Illinois River, he was placed in investigative segregation and did not receive any pain medication. Plaintiff states he does not speak English and was asked questions he did not understand. Plaintiff alleges Defendant Warden Jones "should have never allowed them to put [him] in seg without medication, and it is his responsibility to have made sure they had a translator while investigating." (Doc. 9 at p. 6).

When Plaintiff was released from segregation, he submitted a sick call request. Plaintiff alleges Wexford's policy requires inmates to be seen for the same issue three times before seeing a doctor. Plaintiff alleges this policy prolonged his pain because he was forced to wait months to see a doctor even though the Healthcare Unit ("HCU") knew he was in excruciating pain. Plaintiff alleges Defendant Healthcare Administrator Bishop, who is responsible for reading medical records, should have known he needed pain medication after having a brain injury.

On March 21, 2025, Plaintiff saw a doctor and was prescribed Tylenol and Ibuprofen for five months.

Plaintiff alleges he submitted grievances but encountered issues while attempting to complete the grievance process. Plaintiff alleges he asked to speak

with Defendant Counselor Ballard, but Defendant refused to see him. Plaintiff then submitted a grievance regarding Defendant Ballard. Defendant Ballard answered this grievance, which Plaintiff claims is a conflict of interest and prevented him from filing his lawsuit sooner.

### III

Prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *see also Mayoral*, 245 F.3d at 938. To state a failure to protect claim, a plaintiff-inmate must claim (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Plaintiff alleges Defendant Placement Officer John/Jane Doe failed to protect him from his cellmate by assigning him to the cell. Plaintiff does not allege that Defendant knew, or had reason to know, that Plaintiff's cellmate posed a threat to him prior to the incident in November 2024. Therefore, Defendant is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff alleges Defendant Jones, as the Warden of Illinois River, was responsible for ensuring a translator was present when he was questioned while in investigative segregation. Plaintiff also alleges Defendants Jones should have known he needed pain medication, but he did not include any specific allegations to demonstrate that Defendant Jones was personally involved in any constitutional deprivation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Jones cannot be liable based only on his

supervisory role. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendant Jones is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

While Plaintiff is critical of how his grievances were handled, this is not enough to plead personal liability under § 1983 against Defendant Counselor Ballard. "[T]he alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citations omitted). Defendant Ballard is dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

Plaintiff alleges he was in excruciating pain and submitted grievances and sick call requests for pain medication. Plaintiff alleges Defendant Healthcare Administrator Bishop knew about his injury and need for pain medication but failed to provide medical care. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Plaintiff's allegations are sufficient to proceed on an Eighth Amendment deliberate indifference claim against Defendant Bishop.

Finally, Plaintiff alleges Defendant John/Jane Doe, the Director of Wexford, violated his constitutional rights by requiring inmates to be seen about an issue during sick call three times before seeing a doctor. Plaintiff alleges this policy prolonged his pain because he was forced to wait months for pain medication after his head injury. Private corporations, such as Wexford, have potential liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). Plaintiff's allegations are sufficient to proceed on a *Monell* claim against Wexford Health Sources, Inc. ("Wexford") for employing a sick call

process that delays appointments with a doctor. Defendant Wexford Director John/Jane Doe is DISMISSED, as Wexford is the proper party for Plaintiff's *Monell* claim.

**IT IS THEREFORE ORDERED:**

    1)    According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on an Eighth Amendment deliberate indifference claim against Defendant Lisa Bishop and a *Monell* claim against Defendant Wexford Health Sources, Inc. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

    2)    The Clerk is directed to ADD Wexford Health Sources, Inc. as a Defendant.

    3)    Defendants Chance Jones, James Ballard, Wexford Director John/Jane Doe, and Placement Officer John/Jane Doe are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE these Defendants.

    4)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

    5)    The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect

formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly

to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: February 18, 2026

s/Jonathan E. Hawley
U.S. District Judge