E-FILED
Thursday, 22 October, 2026 10:43:04 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

JOSE AGUIRRE,
Plaintiff,

v.

LISA BISHOP, *et al.*,
Defendants.

Case No. 1:25-cv-01455-JEH

**Order**

This matter is now before the Court on Defendants Wexford Health Sources, Inc. ("Wexford") and Lisa Bishop's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (Doc. 42). For the reasons stated below, Defendants' Motion is GRANTED.

**I**

Plaintiff, proceeding *pro se*, filed suit under 42 U.S.C. § 1983 alleging Defendants Bishop and Wexford were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment while he was incarcerated at Illinois River Correctional Center ("Illinois River"). Specifically, Plaintiff alleges another inmate attacked and injured him on November 12, 2024. Plaintiff claims Defendant Bishop failed to provide medical treatment and pain medication for his injuries. Plaintiff alleges Defendant Wexford's policy of requiring three medical visits for the same issue before being seen by a doctor prolonged his pain and suffering. (Docs. 9, 12).

On June 9, 2026, Defendants filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D) asserting that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation

Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Doc. 42). The same day, the Clerk issued a Notice informing Plaintiff that Defendants had filed a Motion for Summary Judgment and his response was due within 21 days. (Doc. 43). The Notice warned Plaintiff that if he failed to respond, the Court could "consider the facts asserted in the summary judgment motion as undisputed" and rule on the motion. *Id.* at p. 1.

On August 10, 2026, Plaintiff filed a Motion to Request Counsel. (Doc. 51). On August 11, 2026, the Court denied Plaintiff's Motion and *sua sponte* extended the deadline for Plaintiff to respond to Defendants' Motion to September 10, 2026. (d/e 52). To date, Plaintiff has not filed a response to Defendants' Motion or requested an extension of time. Pursuant to Local Rule 7.1, "[a] failure to respond to any numbered fact will be deemed an admission of the fact." Civil-LR 7.1(D)(2)(b)(6). Accordingly, by failing to file a response, Plaintiff has admitted every numbered fact asserted by Defendants in their Motion.

## II

### A

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). In order to successfully oppose a

motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

**B**

"The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners with complaints about prison conditions to exhaust available grievance procedures before bringing suit in federal court." *Perttu v. Richards*, 605 U.S. 460, 464 (2025). Parties "have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim . . . ." *Perttu*, 605 U.S. at 469. Here, the exhaustion issue is not intertwined with the merits of Plaintiff's claims. There is no jury issue regarding exhaustion of administrative remedies.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Plaintiff was required to follow the grievance procedures described in the regulations provided by the Illinois Department of Corrections ("IDOC"). 20 Ill. Admin. Code § 504.800, *et seq*. According to the grievance procedure in Illinois, offenders in the custody of the IDOC must first try to resolve their issues through their counselor. § 504.810. If the issue persists, the offender may file a grievance addressed to the grievance officer within sixty days after the incident was discovered. *Id*.

The grievance must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. § 504.810(c). If the offender cannot name specific individuals, the offender "must include as much descriptive information about the individual as possible." *Id*.

The grievance officer will then make a report of findings and recommendations in writing to the Chief Administrative Officer ("CAO") within two months, "when reasonably feasible under the circumstances." §§ 504.810(a), 504.830(e). The CAO will advise the offender of the decision. *Id.*

If the offender is not satisfied with the outcome, he may appeal to the Director of the IDOC. The appeal must be received by the Administrative Review Board ("ARB") within thirty days after the date of the CAO's decision. § 504.850. The ARB will submit a report to the Director, who will review the findings and make a final determination within six months after receiving it "when reasonably feasible under the circumstances." § 504.850(e).

An inmate who fails to properly take every step of the administrative process has failed to exhaust his remedies. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). The Seventh Circuit takes a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A lawsuit filed by an inmate before he has exhausted his administrative remedies must be dismissed because the court lacks the discretion to resolve the claim on the merits. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *Jones v. Bock*, 549 U.S. 199, 223 (2007). Because exhaustion is an affirmative defense, the defendants shoulder the burden of proof. *Hernandez v. Lee*, 128 F.4th 866, 869 (7th Cir. 2025).

**III**

During the relevant period, Plaintiff was incarcerated at Illinois River. Defendant Bishop was the Medical Records Director at Illinois River. (Doc. 42-4 at ¶ 2). Defendant Bishop's job was only clerical; she was not certified or licensed to provide medical care, part of the medical care team, or responsible for patient care. *Id.* at ¶ 3.

Illinois River provided inmates with the Individual in Custody Handbook Orientation Manual, which included the requirements and process for filing grievances and appeals. (Doc. 42-2). Under § 504.810(a) of the Illinois Administrative Code, inmates were required to file a grievance "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." (Doc. 42-3 at p. 2). Under § 504.850(a), inmates were required to appeal a grievance response to the ARB within 30 days. *Id.* at p. 5.

Defendants contend Plaintiff failed to file any timely grievances regarding Defendant Wexford's policy or procedure to require three medical visits about the same issue before being seen by a doctor. Although Plaintiff filed three grievances related to medical treatment for his injuries (grievances K34-1224-3308, K34-0125-0188, and K34-0425-1048), the grievances did not name Defendant Bishop, include any identifying information about Defendant Bishop, or address any acts or omissions attributable to Defendant Bishop. (Doc. 42-1 at pp. 12-13, 15-16, 18-19).

In addition, Plaintiff failed to properly adhere to the available administrative procedures to appeal the three grievances. The ARB denied Plaintiff's attempts to appeal grievances K34-1224-3308 and K34-0125-0188 because Plaintiff failed to provide the original written grievances and a copy of the responses. *Id.* at pp. 14, 17. Finally, grievance K34-0425-1048 was denied by the counselor, the grievance officer, and the CAO because Plaintiff failed to file the grievance in a timely manner within 60 days of the complained-of conduct. *Id.* at pp. 11-13. The ARB denied the appeal of grievance K34-0425-1048 for the same reason. *Id.* at p. 10.

**IV**

Although Plaintiff filed three grievances related to his need for medical care, none of the grievances named or identified Defendants. *Id.* at pp. 12-13, 15-16, 18-19. Even if the grievances had named or identified Defendants, Plaintiff failed to

file the grievances within 60 days or properly appeal the grievances. *Id.* at pp. 10-11, 14, 17. The Court finds that Plaintiff failed to exhaust his administrative remedies on his claims against Defendants. Defendants are entitled to summary judgment.

**V**

For the reasons stated, *supra*:

(1) Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [42] is GRANTED. Defendants Lisa Bishop and Wexford Health Sources, Inc. are DISMISSED WITHOUT PREJUDICE. Plaintiff takes nothing. Each side is to bear their own attorney's fees, costs, and expenses. The Clerk is directed to enter judgment and close this case.

(2) Should a party file a motion for reconsideration which is subsequently denied by the Court, the party who filed the motion will be responsible for the attorney's fees of the opposing party related to their response to the motion for reconsideration.

(3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).

(4) To proceed *in forma pauperis* on appeal, Plaintiff must file a motion to proceed on appeal *in forma pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has

some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.

*It is so ordered.*

Entered: October 22, 2026

s/Jonathan E. Hawley
U.S. District Judge